N. B.
The new trial was ordered in this case, not osa account, of any difaculty on the first part, but in order to ha-- e the point of damages established by a jury of merchants.
Upon the first ground, the court were clearly of opinion,, that-the action lay upon the protest for non-acceptance, although the time for payment of the bill was not expired. Every man, by the law of merchants, who draws a bill, undertakes by the very act of drawing that the bill shall be accepted and paid, when at maturity, agreeable to the terms of the bill. And the very end and design of a protest, is to give notice of non-acceptance ; or, if accepted, of non-payment} in either event, the drawer becomes liable. And the holder, in case of a protest for non-acceptance, is' under no obligation to wait till the time for payment expires ; because the drawer has broke part of his original *469 contract, that is, that the bill should be accepted. And because also, (if the bill should even be paid when due,) the holder would lose the benefit of the credit in trade, which the acceptance of a bill would give him, as well as the use of the money, which he might obtain at a small discount. The obligation in every such case, would be on the part of the defendant, to shew that the bill was after-wards paid, which might be given in evidence by way of imtigadon of damages. But in this case, no payment, even at this c’av, is alleged ; therefore, the plaintiff is entitled to a recovery. Doug. 55. 3 Will. 17. Kyd, 17.
Upen the second point, the court had some doubts about the quantum of damages which ought to be allowed. Our act of assembly for ascertaining damages on protested bills of ex< hange, allows fifteen per cent, on all bills returned from foreign countries beyond sea, with the difference of exchange ; and ten per cent, on bills returned from any of •ur sister states ; but it is silent as to the damages to be recovered on bills drawn, either in a foreign country, or in any other state, and sent for recovery in our courts in. Carolina, as in the present instance. Therefore, in the former trial, the court left it to the jury, either to govern themselves by the reason and analogy of our own state law on the occasion, (which they thought a good rule,) or to make the lex loci, or law of the place where the bill was drawn, their guide, if they could ascertain what that was. Accordingly, the jury found ten per cent, damages, which is the same as allowed on bills drawn here, and returned pro-' tested. As the parties, however, expressed a dissatisfaction at this verdict; and as it was a new case, the court had directed a new trial, before a special jury of inter-chants, who were now finally to settle this point j and therefore left it again to the jury now sworn, either to make our law on the subject their rule, or the law and customs of the state of Massachusetts, where the bill was drawn, as they thought most agreeable to the law of merchants.
*470 jul7 then retired, and next morning returned theit verdict for the amount of the bill with interest, and three Per cent* damages, agreeable to the custom of merchants in Boston, on inland bills protested.
This, therefore, may be considered as establishing the law on this point, and making the lex loci, or law of the place where the bill is drawn, the rule.